UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE BERCHTOLD,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY OF ANGELS aka ANGELS CAMP, *et al.*,<br><br>          Defendants. | Case No. 1:16-cv-00397-DAD-EPG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>(ECF No. 21) |

Plaintiff Dannie Berchtold is proceeding *pro se* in this civil rights action. His claims arise out of a traffic stop near Angels Camp, California that occurred on February 5, 2015. The case was scheduled on May 31, 2016 and the Court set a non-expert discovery cutoff date of February 1, 2017. (ECF No. 10.) On December 14, 2016, the Court extended the non-expert discovery cutoff date to February 28, 2017. (ECF No. 17.)

On February 28, 2017, the Court conducted a telephonic discovery conference with the parties in which Plaintiff requested permission to move to compel three specific pieces of discovery. Despite the late date of his request, the Court granted conditional permission for Plaintiff to file his motion:

> Plaintiff is granted permission to file a motion to compel with respect to his document requests for his police report and notes, body camera video footage of his stop, and the document for the DMV related to his driver's license; ***provided,***

1

> *however, that Plaintiff meets and confers in writing with Defendants re: his requests before filing his motion. Plaintiff shall attach copies of the meet and confer letters to his motion when filed. Plaintiff's motion may be no longer than 10 pages and must be filed no later than March 17, 2017.* Defendants may file any opposition no later than March 24, 2017. No hearing date needs to be noticed and the Court will take the Motion under submission after the opposition brief is filed. Both parties are relieved of the requirement of preparing a joint discovery statement under Local Rule 251. Plaintiff is advised that *no new discovery requests or disputes will be entertained in his Motion and that any failure to comply with the requirements of this Order may result in the denial of his Motion and/or sanctions.*

(ECF No. 20 (emphasis added).)

On March 21, 2017, Plaintiff filed a Motion to Compel. (ECF No. 21.) The Motion requested that the Court compel responses to a set of requests for document production that Plaintiff served on Defendant Angels Camp on March 7, 2017. Among other items, the requests ask for:

- "Brand Name, type and specifications of flashlight utilized by Officer Kyle Henson during the exam of the Plaintiff";
- "Reason for the use of the flashlight Officer Kyle Henson during the exam";
- "The number of intersections the Plaintiff and Officer Kyle Henson traveled through from the point of Officer Kyle Henson's first sight of the Plaintiff to the point outside of the city limits where he stopped the Plaintiff"; and,
- "The current location of the Plaintiff's Driver License and date in which it was received."

Plaintiff also attaches two emails to the Motion, both of which appear to be cover emails for the March 7, 2017 requests. Defendants filed a timely response to the Motion on March 24, 2017.

Rule 37(a) of the Federal Rules of Civil Procedure requires that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This requirement is further codified in Local Rule 251(b), which requires meet and confer communications as a precondition for the Court to hear a discovery motion. The meet and confer obligation was also a part of this Court's March 1, 2017 order. (ECF No. 20.) A motion to compel may be denied where the moving party has failed to

appropriately meet and confer. *Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1145 (D. Nev. 2015) ("A threshold issue in the review of any motion to compel is whether movant made adequate efforts to resolve the dispute without court intervention."); *Maddox v. Cnty. of Sacramento*, Case No. CIV S-06-0072 GEB EFB, 2008 WL 4635658, at *2 (E.D. Cal. Oct. 20, 2008).

Plaintiff was expressly directed to meet and confer with Defendants to resolve his outstanding discovery dispute. The Court explained, in great detail, how to appropriately meet and confer with Defendants before filing a motion to compel. Plaintiff has ignored those instructions and has not made any efforts to meet and confer with Defendants. This alone constitutes an adequate ground on which to deny Plaintiff's Motion.

Plaintiff's Motion is also improper because:

- It asks the Court to compel more discovery than was permitted in the March 1, 2017 minute order, despite the express warning that no new discovery requests would be entertained;
- It is untimely because it was filed after the March 17, 2017 deadline that the Court imposed in the March 1, 2017 minute order;
- It is premature because it asks the Court to compel production of new discovery requests that were apparently first served on March 7, 2017 without providing Defendants the required thirty day period to respond; and,
- It fails to demonstrate good cause for failing to bring the motion to compel before the discovery cutoff date. *See, e.g., Gucci Am., Inc. v. Guess?, Inc.*, 790 F.Supp.2d 136, 139 (S.D.N.Y. 2011) ("Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied."); *Glesenkamp v. Nationwide Mut. Ins. Co.*, 71 F.R.D. 1, 3 (N.D. Cal. 1974) *aff'd*, 540 F.2d 458 (9th Cir. 1976) ("plaintiff's failure to discover any facts in support of her claim for fraud in a year and a half . . . convinces the Court that allowing additional discovery would not serve the interests of justice.").

      Even if the Court were to reach the substantive merits of Plaintiff's Motion, it would be denied. Plaintiff's Motion does not explain:  (1) whether he asked Defendants for this discovery previously; (2) how they responded; or (3) why any response by Defendants is deficient. Absent any of this information, Plaintiff's Motion is insufficient.  *Womack v. Virga*, Case No. CIV S-11-1030 MCE EFP P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011) ("The party seeking the motion to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the defendants' responses are deficient."); *Ellis v. Cambra*, Case No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. March 27, 2008) ("If Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified.").

      For all the reasons set forth above, Plaintiff's Motion to Compel (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated:  **March 27, 2017**             /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE