UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE BERCHTOLD,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF ANGELS aka ANGELS CAMP, *et al.*,<br><br>    Defendants. | **Case No. 1:16-cv-00397-DAD-EPG**<br><br>**ORDER RE: LATE-FILED REPLY BRIEF**<br><br>(ECF No. 25) |

On March 21, 2017, Plaintiff filed a motion to compel discovery requests. (ECF No. 21.) That motion was denied on March 28, 2017. (ECF No. 24.) On March 29, 2017, Plaintiff filed a declaration in reply to Defendants' opposition brief. (ECF No. 25.) The declaration explains that Plaintiff originally served discovery requests on Defendants in October 2016 and called Defendants to meet and confer regarding those requests in January 2017. Defense counsel was in trial when Plaintiff called, however, and his legal assistant asked Plaintiff to send any meet and confer communications in writing. Plaintiff did not write to Defendants about the discovery requests. On March 7, 2017, Plaintiff served a new set of requests for document production on Defendants.[1] Plaintiff also asks in the declaration to disregard two of

---

[1] Plaintiff filed the March 7, 2017 email and document requests as attachments to the original motion to compel.

1 | the requests for production he served on March 7, 2017 "[i]n order to simplify matters."

2 |     Plaintiff's reply does not alter the outcome of the Court's decision on the motion to
3 | compel. First, the declaration was untimely and thus need not be considered. *Smith v. Abdur-*
4 | *Rahman*, Case No. 2:13-cv-0738-KJN-P, 2015 WL 164436, at *1 (E.D. Cal. Jan. 13, 2015)
5 | ("Because the reply was untimely filed, the undersigned has not considered the reply.");
6 | *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 457 (D. Ariz. 2012) ("Because the
7 | plaintiff's reply was untimely, it was not clear error for the Magistrate Judge not to consider
8 | that reply."). The Court expressly informed the parties that the motion to compel would be
9 | taken under submission on March 24, 2017. (ECF No. 20.) Nor did the Court grant either party
10 | leave to file supplemental or late briefing. *Smith v. Frank*, 923 F.2d 139, 141 (9th Cir. 1991)
11 | ("The consensus is that '[p]apers and pleadings . . . are considered filed when they are placed
12 | in the possession of the clerk of the court.'").

13 |     Second, the declaration does not alter any of the facts considered in the Court's order. It
14 | does not demonstrate that Plaintiff engaged in any meaningful meet and confer
15 | communications with Defendants—indeed, it shows that Plaintiff had an explicit avenue of
16 | communication provided to him for any meet and confer communications but chose to ignore
17 | it. Nor does it show that Plaintiff attempted to meet and confer after the Court ordered him to
18 | do so on March 1, 2017. To the extent Plaintiff's declaration constitutes a request for
19 | reconsideration of the Court's order on the motion to compel, that request is DENIED.

IT IS SO ORDERED.

Dated: **March 31, 2017**        /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE