UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE BERCHTOLD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ANGELS a/k/a ANGELS CAMP; KYLE HANSON, in his individual and official capacities; CHRIS ADAMS, in his individual and official capacities, and DOES 1 through 10 inclusive,<br><br>　　　　Defendants. | No. 1:16-cv-00397-DAD-EPG<br><br>TENTATIVE PRETRIAL ORDER |

On November 27, 2017, the court conducted a final pretrial conference. Plaintiff Dannie Berchtold appeared pro se. Kelley Kern appeared as counsel for defendants. Having considered the parties' joint pretrial statement and the views of the parties, the court issues this tentative pretrial order.

Plaintiff Dannie Berchtold brings this action against defendants City of Angels a/k/a Angels Camp ("City") and Kyle Hansen[1] in his individual and official capacities. Plaintiff alleges that on on February 5, 2015, he was parked along the side of the road outside the city limits of Angels Camp, California, when he was approached by defendant Hansen, who claimed that

---

[1] Defendant Hansen's Answer to Complaint (Doc. No. 6) indicates that he is erroneously sued herein as Kyle "Hanson."

1

plaintiff was driving in excess of the speed limit and had crossed over a double yellow line. Plaintiff alleges that defendant Hansen performed a series of field sobriety tests to determine whether plaintiff was driving under the influence. Defendant Hansen then transported plaintiff to the Angels Camp police station, where plaintiff underwent a series of additional tests conducted by Officer Chris Adams. Plaintiff claims that at all relevant times, he was not driving under the influence. According to plaintiff, after approximately two hours of detention and interrogation, plaintiff was released and cited for vehicle code violations. Plaintiff alleges that while he was being held at the police station, defendants confiscated plaintiff's driver's license. As of the filing of the complaint, plaintiff claims that defendants had not returned his driver's license to him.

Defendants allege that the stop of plaintiff's vehicle and the detention of plaintiff for determining whether he was driving under the influence were reasonable.

Plaintiff brings this suit under § 1983, alleging causes of action under the Fourth and Fourteenth Amendments alleging that the stop, detention, and arrest of plaintiff were unreasonable and violated his civil rights. Plaintiff also alleges that defendant City is liable for the alleged failure to implement appropriate policies, customs, or practices in connection with its law enforcement activities. Plaintiff has also alleged state law claims, for unlawful search and seizure under the California Constitution, and for violation of his civil rights under California Civil Code § 52.1 ("Bane Act").

I. JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343, and 1367. Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391. Venue is not contested.

II. JURY

Both parties have demanded a jury trial. The jury will consist of seven jurors.

III. UNDISPUTED FACTS

1. Officer Kyle Hansen was employed by the City of Angels as a police officer on February 5, 2015.

/////

2. Sergeant Chris Adams was employed by the City of Angels as a police officer on February 5, 2015.
3. On February 5, 2015, at approximately 6:00 pm, plaintiff was driving his vehicle southbound on Highway 49 through Angels Camp.
4. Officer Hansen detained plaintiff to question him about speeding and crossing a double-yellow line.
5. Officer Hansen attempted to perform field sobriety tests on plaintiff for the purpose of determining if plaintiff was under the influence of alcohol or substances.
6. Plaintiff was unable to perform the field sobriety test, so plaintiff asked if Officer Hansen wanted to go to the police station to do the testing.
7. When plaintiff continued to be unable to perform the field sobriety tests, Officer Hansen decided to go to the police station where Officer Adams, a Certified Drug Recognition Expert, could perform further evaluation and field sobriety tests on plaintiff.
8. Plaintiff consented to go with Officer Hansen to the police station for further evaluation tests.
9. Officer Adams conducted further sobriety and drug recognition tests on plaintiff at the police station.
10. Officer Adams determined that there was insufficient evidence to prove that plaintiff was under the influence of any substances.
11. Plaintiff was released after being cited for speeding and driving over the double yellow line.
12. Officer Hansen prepared a Detention Certificate pursuant to California Penal Code §§ 849, 849.5, and 851.6, indicating that plaintiff's arrest shall not be deemed an arrest, but a detention only.
13. Officer Hansen filled out a DMV Notice of Priority Re-Examination of Driver form for plaintiff.

| | | |
|---|---|---|
| 1 | 14. | Officer Hansen gave plaintiff a copy of the DMV Notice of Priority Re-Examination of Driver form. |
| 3 | 15. | The DMV Notice of Priority Re-Examination of Driver form informed plaintiff that if he did not call or appear at the DMV within five (5) working days, his privilege to drive in this state would be suspended until he satisfactorily completed a re-examination. |
| 7 | 16. | At a June 1, 2015, Calaveras County Traffic Court hearing on the two moving violations in which plaintiff was represented by counsel and Officer Hansen testified, the Court dismissed the charges for speeding under Vehicle Code 22350, but found plaintiff guilty of crossing the double yellow line, in violation of Vehicle Code 21460(a). |

IV. DISPUTED FACTUAL ISSUES

1. Whether the Angels Camp Police Department returned plaintiff's driver's license.
2. Whether plaintiff was refused a ride back to his vehicle and had to walk two miles back to his car after being released from the police station.
3. Whether Officer Hansen stated that plaintiff's driver's license was suspended and that plaintiff would not be able to drive until the DMV issued him a new license.
4. Whether Officer Hansen accurately identified the person or vehicle that he observed speeding and crossing over the double yellow line.
5. Whether plaintiff received the Detention Certificate.

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The defendants anticipate filing the motion *in limine* below. Any motions *in limine* the parties elect to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear

argument on any *motions in limine* prior to the first day of trial.

<u>Plaintiff's Motions in Limine</u>

None.

<u>Defendant's Motions in Limine</u>

1. Motion to exclude any testimony from plaintiff's purported expert or rebuttal expert witness.

VI. <u>SPECIAL FACTUAL INFORMATION</u>

Special factual information, pursuant to Local Rule 281(b)(6), is not applicable to this action.

VII. <u>RELIEF SOUGHT</u>

1. Plaintiff seeks an award of monetary damages to compensate him for alleged violation of his civil rights, punitive damages against the officers, and costs.
2. Defendants seek judgment in their favor and costs.

VIII. <u>POINTS OF LAW</u>

The claims and defenses arise under both federal and state law. Plaintiff's first cause of action for unlawful detention, second cause of action for unlawful arrest, fourth cause of action for unlawful search, fifth cause of action for unlawful seizure of property, and sixth cause of action under the California Constitution are brought against both defendants. Plaintiff's third cause of action for unlawful threat to arrest is brought against defendant City only. Plaintiff's seventh cause of action under California Civil Code § 52.1 is brought against defendant Hansen only.

1. The elements of, standards for, and burden of proof in a Fourth Amendment claim alleging unlawful detention under 42 U.S.C. § 1983.
2. The elements of, standards for, and burden of proof in a Fourth Amendment claim alleging unlawful arrest under 42 U.S.C. § 1983.
3. The elements of, standards for, and burden of proof in a Fourth Amendment claim alleging unlawful threat to arrest under 42 U.S.C. § 1983.

/////

|   |     |                                                                                          |
|---|-----|------------------------------------------------------------------------------------------|
| 4.  |     | The elements of, standards for, and burden of proof in a Fourth Amendment claim alleging unlawful search under 42 U.S.C. § 1983. |
| 5.  |     | The elements of, standards for, and burden of proof in a Fourth and Fifth Amendment claim for unlawful seizure of property under 42 U.S.C. § 1983. |
| 6.  |     | The elements of, standards for, and burden of proof to hold a municipality liable under 42 U.S.C. § 1983. |
| 7.  |     | The elements of, standards for, and burden of proof in a claim for punitive damages under 42 U.S.C. § 1983. |
| 8.  |     | The elements of, standards for, and burden of proof in raising a qualified immunity defense. |
| 9.  |     | The elements of, standards for, and burden of proof with respect to an argument that any of plaintiff's claims are barred by the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). |
| 10. |     | The elements of, standards for, and burden of proof in an unreasonable search and seizure claim under the California Constitution, Article I, §§ 7, 13. |
| 11. |     | The elements of, standards for, and burden of proof in a claim under California Civil Code § 52.1. |

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX. <u>ABANDONED ISSUES</u>

1. Plaintiff has abandoned his complaint against defendant Chris Adams.

X. <u>WITNESSES</u>

Plaintiff's witnesses shall be those listed in **Attachment A**. Defendants' witnesses shall be those listed in **Attachment B**. Each party may call any witnesses designated by the other.

/////

|   |     |     |                                                                              |
|---|-----|-----|------------------------------------------------------------------------------|

    A.    **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

        (1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

        (1)    The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2)    The court and opposing parties were promptly notified upon discovery of the witness;

        (3)    If time permitted, the party proffered the witness for deposition; and

        (4)    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.    <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

Joint exhibits are listed in **Attachment C**. Plaintiff's exhibits are listed in **Attachment D**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically and defendants' exhibits shall be listed alphabetically. All exhibits must be pre-marked. The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28**

**days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before trial is set to begin.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria.**

  A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    (1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    (2) The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

  B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    (1) The exhibits could not reasonably have been discovered earlier;

    (2) The court and the opposing parties were promptly informed of their existence;

    (3) The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII. <u>DISCOVERY DOCUMENTS</u>

  The parties must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

/////

| | |
|---|---|
| 1 | Plaintiff and defendants may use the following discovery documents at trial: |
| 2 | 1.    Excerpts of Deposition of Dannie Berchtold (Nov. 15, 2016). |

XIII. <u>FURTHER DISCOVERY OR MOTIONS</u>

Defendants anticipate moving for judgment pursuant to Fed. R. Civ. P. 50 at the close of plaintiff's case and before the case is submitted to the jury.

XIV. <u>STIPULATIONS</u>

None.

XV. <u>AMENDMENTS/DISMISSALS</u>

None.

XVI. <u>SETTLEMENT</u>

There have been no formal settlement negotiations to date and plaintiff has made no demand. As in all civil cases before the undersigned, the parties will be required to participate in a court supervised settlement conference prior to proceeding to jury trial. The place, date and time of that mandatory settlement conference will be set by the magistrate judge assigned to this action. (*See* Doc. No. 32.)

XVII. <u>JOINT STATEMENT OF THE CASE</u>

The parties have agreed to the following joint statement of the case:

> The Plaintiff alleges that on February 5, 2015, Angels Camp police officer Hansen spoke with the Plaintiff while he was stopped alongside of the road two miles away from the Napa Store in the county. Hansen stated that he had observed a red SUV driving in excess of the posted speed limit through the city, and crossing over double yellow lines. Plaintiff alleges that Officer Hansen performed a series of field sobriety tests, transported the Plaintiff to the Angels Camp Police Station, where another set of tests was performed for the alleged purpose of determining whether the Plaintiff was under the influence at the time he was driving his motor vehicle. The Plaintiff alleges that he at all times was not driving under the influence. The Plaintiff alleges that after approximately two hours of detention and interrogation, he was released and cited for Vehicle Code violations. The Plaintiff also alleges that his driver's license was not released and he was informed that the officer had the power to suspend it at that time. After a hearing in Calaveras County Traffic Court on June 1, 2015, the Court dismissed the charges against Plaintiff for speeding under California Vehicle Code Section 22350 but found Plaintiff guilty of Vehicle Code 21460(a) for driving over the double yellow. Plaintiff alleges that the officers violated his constitutional rights by

detaining and arresting him, submitting him to field sobriety tests and seizing his driver's license. Defendants have denied the allegations of the Plaintiff's complaint, and allege that the stop of the Plaintiff's vehicle was reasonable, and the detention of the Plaintiff for determining whether he was driving under the influence was reasonable.

## XVIII. SEPARATE TRIAL OF ISSUES

None.

## XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

## XX. ATTORNEYS' FEES

Plaintiff states that he will seek attorneys' fees and costs if he prevails. However, because plaintiff is representing himself in this action, he is not entitled to such an award.

## XXI. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

## XXII. MISCELLANEOUS

None.

## XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **January 30, 2018**, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is anticipated to last two days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

The parties are to call Renee Gaumnitz, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

## XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of jury *voir dire*.

The court directs the parties to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to

/////

10

agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

The parties shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: **November 29, 2017**

UNITED STATES DISTRICT JUDGE

ATTACHMENT A: Plaintiff's Witnesses

1. Margie McCarthy – Witness to location of vehicle when picking up plaintiff.
2. Melissa A. Rottinghause – Witness to location of vehicle when picking up plaintiff.
3. Lindy Ramey – 19978 Jack Rabbit Trail, Sonora, CA 95370 – Witness will testify that plaintiff and she always stop along road on return trip from Jackson Casino to take a nap.
4. Joe Bautista – 22 Battery Street Ste 888, San Francisco, CA 94111 – Witness to trial on June 1, 2015.
5. Shannon Seibert – 22 Battery Street Ste 888, San Francisco, CA 94111 – Witness to trial on June 1, 2015.
6. Department of DMV Employee(s) – trained and employed in the capacity performing the re-examination of drivers requiring re-examination pursuant to 21061 CVC under Sections 12818 and 12819 CVC due to committing a violation Section(s) 2100 through 23336 CVC or other indicated evidence of the incapacity as indicated.
7. Teresa Pry – Custodian of records at the Angels Camp Police Department.
8. Wallace Stuart, OD – 48 S. Stewart St., Sonora, CA 95370. Expert will testify regarding the subject of visual impairments during the stop of the motor vehicle for suspected moving violation.
9. Robert Tovey, OD – 3081 W. Bullard Ave., Fresno, CA 93710. Expert will testify regarding the subject of visual impairments during the stop of the motor vehicle for suspected moving violation.
10. Heather Bowlin, OD – 6331 N. Fresno, St. Ste. 102, Fresno, CA 93710. Expert will testify regarding the subject of visual impairments during the stop of the motor vehicle for suspected moving violation.

ATTACHMENT B: Defendants' Witnesses

1. Officer Kyle Hansen – C/O Longyear, O'Dea & Lavra, 3620 American River Dr. Suite 230, Sacramento, CA 95864. Officer Hansen arrested plaintiff Berchtold for suspected drug DUI. He is being offered as a percipient witness, as well as a non-retained expert.

Officer Hansen will testify that the stop and detention were reasonable based upon the observation of the officer. He will testify that the investigative stop and the manner of the investigation were reasonable. He will testify that the conduct of the Field Sobriety Test was reasonable, lawful, and consistent with training.

In addition, the witness will testify that the Drug Recognition Examination ("DRE") was conducted in a reasonable manner consistent with state wide and other law enforcement training, that the decision of the officers was reasonable and consistent with the results obtained. The witness will testify that the use of DMV reporting forms were lawful and consistent with the training and experience. The witness will testify that the decisions with respect to the stop, detention, arrest, investigation, and release of the plaintiff were reasonable, lawful, and consistent with training and experience.

2. Officer Chris Adams – C/O Longyear, O'Dea & Lavra, 3620 American River Dr. Suite 230, Sacramento, CA 95864. Officer Adams conducted a Drug Recognition Evaluation on plaintiff Berchtold. He is being offered as a percipient witness, as well as a non-retained expert.

Officer Adams will testify that the stop and detention were reasonable based upon the observation of the officer. He will testify that the investigative stop and the manner of the investigation were reasonable. He will testify that the conduct of the Field Sobriety Test was reasonable, lawful, and consistent with training. In addition, the witness will testify that the DRE was conducted in a reasonable manner consistent with state wide and other law enforcement training, that the decision of the officers was reasonable and consistent with the results obtained. The witness will testify that the use of DMV reporting forms were lawful and consistent with the training and experience. The witness will testify that the decisions with respect to the stop,

detention, arrest, investigation, and release of the plaintiff were reasonable, lawful, and consistent with training and experience.

ATTACHMENT C: Joint Exhibits

1. Angels Camp Police Department Incident Report, Bates Document ACPD 000001–ACPD 000005.
2. Drug Recognition Evaluation sheet and Supplemental Report, Bates Document ACPD 000006–ACPD 000007.
3. Notice to Appear, Bates Document ACPD 000008.
4. Angels Camp Police Department CAD Incident Report, Bates Document Plaintiff 016.
5. Video 1, Bates Document ACPD 000009.
6. Video 2, Bates Document ACPD 000010.
7. Video 3, Bates Document ACPD 000011.
8. Video 4, Bates Document ACPD 000012.
9. Video 5, Bates Document ACPD 000013.
10. Detention Certificate, Bates Document Plaintiff 013.
11. Notice of Priority Re-Examination of Driver DMV Form, Bates Document Plaintiff 002.
12. February 16, 2015, DMV Order of Suspension, Bates Document Plaintiff 003.
13. Audio Recording of Calaveras County Traffic Court Hearing, Case #15TR00523, June 1, 2015 (no Bates Document number).
14. Angels Camp Police Department, Policy 500, *Traffic Function and Responsibility,* Bates Document ACPD 000037–ACPD 000039.
15. Angels Camp Police Department, Policy 514, *Impaired Driving and Evidence Collection,* Bates Document ACPD 000040–ACPD 000045.
16. Angels Camp Police Department, Policy 516, *Traffic Citations,* Bates Document ACPD 000046–ACPD 000048.
17. Angels Camp Police Department, Policy 600, *Investigation and Prosecution,* Bates Document ACPD 000049–ACPD 000053.

| | | |
|---|---|---|
| 18. | Angels Camp Police Department, Policy 900, *Custodial Searches,* Bates Document ACPD 000054–ACPD 000058. | |
| 19. | Angels Camp Police Department, Policy 400, *Patrol Function,* Bates Document ACPD 000059–ACPD 000061. | |
| 20. | Angels Camp Police Department, Policy 419, *Cite and Release Policy,* Bates Document ACPD 000062–ACPD 000065. | |
| 21. | Angels Camp Police Department, Policy 438, *Detentions and Photographing Detainess,* Bates Document ACPD 000066–ACPD 000071. | |
| 22. | Angels Camp Police Department, Policy 446, *Portable Audio/Video Recorders,* Bates Document ACPD 000072–ACPD 000078. | |
| 23. | Officer Hansen Training Records. | |
| 24. | Officer Adams Training Records. | |

ATTACHMENT D: Plaintiff's Exhibits

1. Flash Drive from June 1, 2015 Trial "Exhibit D."
2. Pictures of the speeding site/Napa.